Filed 6/15/15  P. v. Murillo CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C076035 |
| v. | (Super. Ct. No. 10F07288) |
| RENE MURILLO, | |
| Defendant and Appellant. | |

A jury convicted defendant Rene Murillo on 11 counts of lewd or lascivious acts with a child under the age of 14.  (Pen. Code, § 288, subd. (a).)[1]  The jury also found that defendant committed the acts against more than one victim.  (§ 667.61, subd. (e)(4).) The trial court sentenced defendant to an aggregate term of 90 years to life in state prison, consisting of six consecutive terms of 15 years to life plus five concurrent terms of 15

---

[1]  Undesignated statutory references are to the Penal Code.

1

years to life.  The trial court also imposed various fees and fines, including a $600 fine pursuant to section 243.4.

Defendant now contends the $600 fine imposed pursuant to section 243.4 is unauthorized and must be vacated.  We agree the fine must be stricken.  We will modify the judgment to strike the $600 fine and affirm the judgment as modified.

DISCUSSION

Given the issue presented, it is unnecessary to recite the underlying facts pertaining to defendant's offenses.

At the sentencing hearing, the trial court indicated that it read and considered the probation department's presentence investigation report which recommended, among other things, that defendant pay a fine in the amount of $600 pursuant to section 243.4. The trial court imposed the fine as recommended.  There was no objection.

Section 243.4 pertains to sexual battery.  Defendant contends the $600 fine must be vacated because he was neither charged with, nor convicted of, sexual battery.  Citing *People v. Scott* (1994) 9 Cal.4th 331 (*Scott*), he argues his contention is reviewable despite his failure to object at trial because the fine "could not lawfully be imposed under any circumstance in the particular case" and thus constituted an unauthorized sentence. (*Id.* at p. 354.)

The People agree that "a fine pursuant to section 243.4 was inapplicable in this case."  However, relying on the language quoted above from *Scott, supra*, 9 Cal.4th at p. 354, the People argue that the $600 fine was authorized because it could have been imposed under section 288, subdivision (e).

Although the trial court could have imposed a fine under section 288, subdivision (e), it did not impose a fine pursuant to that statute.  We agree with defendant that because he was neither charged with, nor convicted of, any crime under section 243.4, the fine imposed under that statute could not lawfully be imposed.  Absent

2

evidence of a clerical error, we do not have the authority to substitute one statute for another. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

DISPOSITION

The judgment is modified to strike the $600 fine imposed pursuant to section 243.4, and the judgment is affirmed as modified. The trial court is directed to prepare an amended abstract of judgment reflecting the judgment as modified, and to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.


                                                  MAURO        , J.


We concur:


      NICHOLSON    , Acting P. J.


      HOCH      , J.